JOSEPH PRETE *vs.* UNITED ELECTRIC RAILWAYS COMPANY.
ROSE PRETE *vs.* SAME.
JOSEPH PRETE *vs.* ERNEST DAUPLAISE.
ROSE PRETE *vs.* SAME.

APRIL 30, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. These actions of trespass on the case for negligence were tried together in the superior court, and after verdicts for the defendants the trial justice granted each plaintiff a new trial. The cases are here on defendants'

exceptions to such decision. Although other exceptions were duly prosecuted, this is the only one which was briefed and argued and therefore such other exceptions are deemed to be waived.

The cause of action in each case arose out of a collision at the intersection of Branch avenue and Silver Spring street in the city of Providence between an automobile operated by Ernest Dauplaise and a bus belonging to the United Electric Railways Company, hereinafter called the company, in which the plaintiff Rose Prete was a passenger. She brought separate suits against Dauplaise and the company for damages for personal injuries which she alleged she sustained as a result of that collision. Her husband also brought suit against each defendant for consequential damages, but since his cases are necessarily dependent upon those of his wife, we shall proceed to our discussion of defendants' contentions as though only her cases were before us.

The trial justice set aside the verdicts because he considered they were contrary to the weight of the evidence. In the case against Dauplaise he said there was overwhelming proof of the defendant's negligence, and in the case against the company that the evidence proved the defendant had not exercised the highest degree of care required in the circumstances for the protection of the plaintiff as a passenger. He based the latter finding largely on his understanding of the operator's testimony concerning the speed of the bus as it approached Silver Spring street and proceeded into the intersection. In his decision he stated that such testimony was to the effect that although the operator saw Dauplaise "coming toward the intersection to his right" he, the operator, "shifted into high speed and went forward to cross the intersection."

Dauplaise contends that the decision in his case was clearly wrong because the evidence did not prove that he was negligent in operating his automobile or that such operation was the proximate cause of the collision. He also

argues that the verdict was correct because there was no evidence reasonably tending to prove that the plaintiff sustained any injury as a result of the collision which would entitle her to damages. For those reasons he contends that the verdict does substantial justice and that the trial justice was clearly wrong in setting it aside.

The company takes a wholly different view of the evidence. On the issue of liability for the collision it strongly urges that Dauplaise was negligent and that such negligence was the sole cause of the accident. In the first place it contends that the trial justice misconceived the operator's testimony concerning the speed of the bus as it approached Silver Spring street and proceeded into the intersection. It also contends that when such testimony is correctly understood and considered in connection with other credible evidence on that point and on how Dauplaise operated his automobile, it will appear that the verdict in its favor truly responded to the merits of the controversy regardless of whether the verdict for Dauplaise may or may not be correct.

In view of those divergent contentions of the defendants it will be helpful in determining the questions raised thereby to consider the company's contentions first. From our examination of the transcript we agree with the company that the trial justice misconceived the operator's testimony. In our view his testimony was to the effect that he slowed down to a speed between 15 and 20 miles an hour as he approached and proceeded into the intersection; that at that time he was in second speed; that he continued into the intersection at such speed and did not shift into high speed; and that his testimony wherein he stated "when there is nothing—it is clear, you step on the gas and shift it back into high" was referable to his customary manner of operating the bus when the way was clear and that it did not refer to the manner in which he actually operated the bus at the intersection on the morning of the accident. We think that is plain from the whole examina-

tion of the witness on the way he operated the bus at that time and place.

Such misconception of material evidence deprives the plaintiff of the benefit usually accorded by this court to a decision of the trial justice setting aside a verdict for the defendant. In the absence of such benefit the plaintiff has the burden here of showing not merely that the verdict was against the evidence but that it was contrary to the great weight thereof. *Bradley* v. *Brayton,* 61 R. I. 44; *Nitschke* v. *Silvia,* 74 R. I. 183. We are of the opinion that she has not discharged that burden. On the contrary from our examination of the transcript there appears to be a considerable preponderance of credible evidence from which the jury reasonably could have found that the operator of the bus was not negligent. Therefore they could have reasonably concluded that he did not fail to exercise the degree of care required in the circumstances for the protection of the plaintiff as a passenger. Hence the trial justice erred in setting aside their verdict for the company and granting plaintiff a new trial.

In the case against Dauplaise, we reach a different conclusion. On our view we cannot say that the trial justice was clearly wrong in setting aside the verdict. We need not determine whether the evidence in proof of defendant's negligence was overwhelming, as the trial justice expressly found. It is sufficient for us to say that he was not clearly wrong in finding that the verdict did not respond to the true merits of the controversy on that issue.

However, under his second contention Dauplaise claims the verdict can be supported on the ground that there is actually no evidence that plaintiff was injured as a result of the collision. We disagree with that contention as the record shows that plaintiff suffered a contusion on the back of her head; that she also suffered a moderate concussion; that she was made sick and nervous by the shock of the collision; and that for a period of time she could not

follow her regular employment. It is true that there was evidence which tended to raise certain doubts as to whether all her injuries could be reasonably attributed to the accident, and also that there were other aspects of her testimony which could have adversely affected her credibility. But in our opinion those circumstances are not sufficient to warrant the claim that there was no evidence of personal injuries on which an award of damages could be reasonably predicated.

The defendant's exceptions in the cases against the United Electric Railways Company are sustained, and each case is remitted to the superior court for entry of judgment on the verdict.

The defendant's exceptions in the cases against Ernest Dauplaise are overruled, and each case is remitted to the superior court for further proceedings.

*John Quattrocchi, Jr.,* for plaintiffs.

*Earl A. Sweeney, Frank J. McGee,* for defendant United Electric Railways Company.

*Francis V. Reynolds, Joseph V. Cavanagh,* for defendant Ernest Dauplaise.